UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN A. BOYD, | : Case No. 2:22-cv-3492 |
| Plaintiff, | : |
| vs. | : District Judge Sarah D. Morrison |
| | : Magistrate Judge Elizabeth P. Deavers |
| KIMBERLY MICK, et al., | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the London Correctional Institution (LoCI), has filed a pro se civil rights complaint in this Court against defendants Kimberly Mick and Aramark Corporation. By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

For the reasons that follow, the undersigned recommends that the complaint be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2).

**Screening of Plaintiff's Complaint**

A. **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Plaintiff brings this complaint in connection with injuries he sustained while working in institutional food services at LoCI. Although plaintiff does not describe the events giving rise to his injuries, he claims that on April 26, 2021 he sustained chemical burns, second degree burns, and severe skin irritation. (Doc. 1-2, Complaint at PageID 18-19). According to plaintiff, defendant Aramark Food Service Director Kimberly Mick, as well as other non-defendant Aramark employees and correctional officers, were aware of his injuries, but Mick "applied improper application to plaintiff's burn injuries." (*Id.* at PageID 18). Plaintiff does not specify the application applied by Mick. Plaintiff does, however, indicate that he was subsequently taken to the prison medical department, although he allegedly was not provided with any treatment.[2] (*Id.* at PageID 22). As a result of the allegedly improper and/or lack of treatment, plaintiff clams he has permanent loss of feeling in his fingertips due to nerve damage. (*Id.* at PageID 19).

Based on the above factual allegation, plaintiff claims defendants violated his Eighth Amendment rights. (*Id.* at PageID 17).

As relief, plaintiff seeks monetary damages. (*Id.* at PageID 19.).

### C. Analysis

Plaintiff's complaint is subject to dismissal at the screening stage.

As an initial matter, the complaint includes no factual allegations against Aramark Food Corporation. Absent any factual allegations against this defendant, Aramark should be dismissed as a defendant to this action.

To the extent that plaintiff seeks to hold Aramark liable based on the conduct of its employees, his claim is also subject to dismissal. The theory of *respondeat superior* does not

---

[2] Plaintiff has not named members of the prison medical staff as defendants to this action.

4

apply to § 1983 claims and may not serve as a basis for liability.  *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).  "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).  Accordingly, to the extent that plaintiff seeks to hold Aramark liable for the conduct of its employees, he fails to state a claim up on which relief may be granted.  *See, e.g.*, *Kidwell v. Shirmekas*, Case No. 20-3239-SAC, 2021 WL 122848, at *3 (D. Kan. Jan. 13, 2021) ("Under some circumstances, corporations like Aramark may be considered as persons acting under color of state law for purposes of § 1983.  But, they may not be held liable based upon respondeat superior—that is, solely because they employ a person who violated the Constitution.").

Plaintiff has also failed to state an actionable claim against defendant Mick, the Aramark Food Service Director.  As noted above, plaintiff claims that Mick applied improper treatment to his injuries.  However, even if the Court could conclude that Mick had any duty or responsibility regarding plaintiff's medical care, his allegation that Mick provided improper treatment is insufficient to state a claim for relief under the Eighth Amendment.

In order to state a claim for relief under 42 U.S.C. § 1983 concerning a denial of medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering.  Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury.  *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir.

1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976).  Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983.  *Westlake*, 537 F.2d at 860-61 n.5.  Not every claim of inadequate medical treatment states an Eighth Amendment violation.  *Estelle*, 429 U.S. at 105.  Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983.  *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5.  A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

  Plaintiff's complaint fails to allege facts showing that defendant Mick was deliberately indifferent to his medical needs.  Plaintiff states that Mick provided an undisclosed application before he was taken to the medical department.  Plaintiff fails to allege any facts to suggest that Mick delayed or interfered with his medical care, prevented him from obtaining treatment following the incident, or otherwise was deliberately indifferent to his medical needs.  Although plaintiff claims the treatment/application provided by Mick was "improper," "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law."  *Westlake*, 537 F.2d at 860 n. 5.  It is well-settled that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle,* 429 U.S. at 106.  "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an

unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle,* 429 U.S. at 105-106.  Plaintiff's allegations may amount to negligent treatment, but without more the Court is unable to conclude that plaintiff's complaint states a claim for relief under the Eighth Amendment for deliberate indifference to serious medical needs.  Therefore, the complaint against should be dismissed as to defendant Mick.[3]

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either

---

[3] Plaintiff has not pled a state-law negligence claim in his complaint.  In any event, federal courts are generally reluctant to exercise supplemental jurisdiction over state-law claims where the federal claims are dismissed.  *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).  Nor has plaintiff established that the Court would have diversity jurisdiction over any state-law claim.  In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992).  Additionally, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  The complaint does not allege that the citizenship of plaintiff and each defendant is diverse.  28 U.S.C. § 1332(1).  Rather, it appears that plaintiff and defendant Mick are both citizens of Ohio.  (*See* Doc. 1-2, Complaint at PageID 16).  Moreover, plaintiff's complaint merely states that it seeks "damages in excess of $25,000.00."  (Doc. 1 at PageID 19).  It does not allege that plaintiff's claims satisfy the $75,000 amount-in-controversy requirement for this Court's exercise of diversity jurisdiction.

side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: <u>December 19, 2022</u>           s/ *Elizabeth A. Preston Deavers*
                                                                 **ELIZABETH A. PRESTON DEAVERS**
                                                                 **UNITED STATES MAGISTRATE JUDGE**