22cv3492UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN A. BOYD,

    **Plaintiff,**    :

    v.                            Case No. 2:22-cv-03492
                                 Judge Sarah D. Morrison
                                 Magistrate Judge Elizabeth
                                 Preston Deavers

KIMBERLY MICK, *et al.*,    :

    **Defendants.**

## ORDER

This matter is before the Court on the December 19, 2022 Report and Recommendation issued by the Magistrate Judge. (R&R, ECF No. 8.) The Magistrate Judge recommended that the Court dismiss Mr. Boyd's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). (*Id.* PageID 94.) The Magistrate Judge also recommended that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any order adopting the Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. (*Id.*)

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to *de novo* review of those portions of the report to which proper objections are made. Fed. R. Civ. P. 72(b).

Mr. Boyd filed an objection on January 10, 2023. (Obj., ECF No. 9.) Despite the untimeliness of the objection, the Court will consider it. Mr. Boyd's objection summarizes allegations in his complaint and provides more details about the events

that transpired and form the basis of his complaint. (*Id.*) Mr. Boyd works in the dish room at London Correctional Institution, washing trays, utensils, and pans; he is supervised by employees of Defendant Aramark Corporation. (*Id.* PageID 96.) He explains there is a "pre-wash process . . . with a chemical dispenser" and an inmate-operated dish machine that uses different chemicals. (*Id.*)

According to Mr. Boyd, he was injured after being asked by Aramark Food Service Director Kimberly Mick to clean and de-lime the dish machine with an acid-based chemical called Cal-X. (*Id.* PageID 96–97.) He was not provided personal protective equipment and sustained skin irritation burns to his hands from the chemicals. (*Id.* PageID 97.) His injuries worsened, and he suffered loss of feeling in the tips of his fingers. (*Id.*) He contends Ms. Mick was "deliberately indifferent to his concern and ignored his request for an incident report and referral to medical for treatment." (*Id.*)

While Mr. Boyd's objection provides additional information about the events that led to his injury, he still fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). He does not object to the Magistrate Judge's legal analysis or conclusions. While Mr. Boyd claims Ms. Mick was "deliberately indifferent" to his injuries, his allegations remain insufficient to state a claim for relief under the Eighth Amendment. It is unclear from the complaint and objection that Ms. Mick even had a duty or responsibility related to Mr. Boyd's medical care. (*See generally* Compl., ECF No. 7; Obj.) Nevertheless, Mr. Boyd alleges that he *did receive* treatment for his burns. (Compl., PageID 73.) When

medical assistance has been administered, as the Magistrate Judge explains, the treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under 42 U.S.C. § 1983. *Westlake v. Lucas*, 537 F.2d 857, 860–61 n.5 (6th Cir. 1976). While Mr. Boyd alleges he suffered "loss of feeling in finger tips" due to "improper treatment" (Compl., PageID 73), these allegations do not rise to the level of woefully inadequate treatment sufficient to sustain a § 1983 cause of action. "[F]ederal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* (citations omitted).

Moreover, Mr. Boyd does not allege the Defendants are state actors or acted under the color of law, a requirement for bringing a § 1983 claim. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003); *see also Kidwell v. Shirmekas*, No. 20-3239-SAC, 2021 WL 122849, at *2 (D. Kan. Jan. 13, 2021) ("Under some circumstances, corporations like Aramark may be considered as persons acting under color of state law for purposes of § 1983. But, they may not be held liable based upon *respondeat superior*—that is, solely because they employ a person who violated the Constitution.").

Mr. Boyd's objection is **OVERRULED**. (ECF No. 9.) For the reasons set forth therein, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 8) and **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an

appeal of this Order would not be taken in good faith and therefore **DENIES** Mr. Boyd leave to appeal *in forma pauperis*.

The Clerk is **DIRECTED** to **TERMINATE** this case from the docket.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**